|,ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 

 Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) filed this reciprocal discipline proceeding against respondent, Rebecca I. Gumaer, an attorney licensed to practice law in the States of Louisiana and Colorado, based upon discipline imposed by the Supreme Court of Colorado.
 

 UNDERLYING FACTS
 

 On March 4, 2009, the Supreme Court of Colorado issued an order suspending respondent’s license to practice law for one year and one day, all stayed upon respondent’s successful completion of a thirty-month period of probation subject to numerous conditions.
 
 [1]
 
 In its order, the Colo
 
 *853
 
 rado court accepted the parties’ 12stipulation, agreement, and affidavit containing respondent’s conditional admission of misconduct. The filing indicates that, on November 2, 2007, respondent drank excessively. Without her estranged boyfriend’s knowledge or permission, she went to and entered his home through an unlocked back door. While she was retrieving her possessions from the home, she intentionally broke ketchup and barbeque sauce bottles, wine glasses, pottery, and a pair of her boyfriend’s sunglasses. She also broke the passenger side window of her boyfriend’s truck with a wine bottle. On June 23, 2008, respondent pled guilty to second degree burglary and criminal mischief in Jefferson County, Colorado. Respondent began treatment for alcohol abuse in November 2007 and is in supervised recovery.
 

 DISCIPLINARY PROCEEDINGS
 

 After receiving the Colorado order of discipline, the ODC filed a motion to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Attached to the petition was a certified copy of the order of the Supreme Court of Colorado. On April 1, 2009, this court rendered an order giving respondent thirty Isdays to raise any claim, predicated upon the grounds set forth in Supreme Court Rule XIX, § 21(D), that the imposition of identical discipline in Louisiana would be unwarranted and the reasons for that claim. Respondent failed to file any response in this court.
 

 DISCUSSION
 

 The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
 

 Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
 

 (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
 

 (2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
 

 
 *854
 
 (3) The imposition of the same discipline by the court would result ■ in grave injustice or be offensive to the public policy of the jurisdiction; or
 

 (4) The misconduct established warrants substantially different discipline in this state; or
 

 (5) The reason for the original transfer to disability inactive status no longer exists.
 

 |4In the instant case, respondent has made no showing of infirmities in the Colorado proceeding, nor dó we discern any from our review of the record. Furthermore, we find no extraordinary circumstances which warrant deviation from the sanction imposed by the Supreme Court of Colorado. We have held that “only under extraordinary circumstances. should there be a significant variance from the sanction imposed by the other jurisdiction.”
 
 In re: Aulston,
 
 05-1546 (La.1/13/06), 918-So.2d 461. Considering that we share authority over respondent with Colorado, we will defer to that state’s determination of discipline.
 
 See, e.g., In re Zdravkovich,
 
 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”). Accordingly, we will impose reciprocal discipline of a one year and one day suspension, fully deferred, subject to thirty months of probation, pursuant to Supreme Court Rule XIX,'§ 21.
 

 DECREE
 

 Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Rebecca I. Gumaer, Louisiana Bar Roll number 29890, be and she hereby is. suspended from the practice of law in Louisiana for one year and one day. It is further ordered that this suspension shall be fully deferred, and respondent shall be placed on probation for thirty months, subject to the conditions set forth by the Supreme Court of Colorado in its order imposing discipline in
 
 The People of the State of Colorado v. Rebecca Irene Gumaer,
 
 No. 09PDJ013 on the docket of the Supreme Court of Colorado.
 

 [1]
 

 .The conditions of probations are as follows:
 

 1. During the period of probation, respondent shall not engage in any further violation of the Colorado Rules of Professional Conduct;
 

 2. Respondent shall pay for, attend, and successfully pass ethics school sponsored by the Office of Attorney Regulation Counsel ("OARC");
 

 3. Respondent shall comply with all terms and conditions of her criminal sentence, which includes alcohol and drug testing. She shall advise the OARC of any changes to her substance testing in the criminal proceeding;
 

 4. During the term of this agreement, respondent shall abstain from the use of alcohol and any other mood-altering substance unless a duly licensed physician prescribes such substance;
 

 5. Respondent shall undergo random EtG urinalysis for alcohol not less than one time per month for the period of probation. A copy of the results shall be provided- to the OARC. A positive EtG test shall be deemed a violation of the terms and conditions of the stipulation. An abnormally low creatinine level, which may be indicative of an attempt to “flush" respondent's system to reduce or eliminate the level of any prohibited substances, may also be deemed a violation of the terms and conditions of the stipulation;
 

 6. If respondent anticipates out-of-state travel, she must arrange continued compliance with the stipulation by making prior arrangements with the OARC;
 

 7. Respondent shall attend Alcoholics Anonymous, or another equivalent recovery program, meeting on at least a weekly basis for the duration of the stipulation. She shall also attend peer support meetings with a metro county group, as approved by the OARC, on at least a weekly basis. She shall provide written confirmation of compliance with these terms and conditions on a monthly basis to the OARC;
 

 
 *853
 
 8. Respondent shall continue treatment with a licensed substance abuse counsel- or;
 

 9. Failure by respondent to pay all costs of evaluation, treatment, and supervision incurred as part of any condition of probation prior to termination of probation shall constitute a violation of probation;
 

 10. If the OARC receives information that any condition of probation may have been violated, the OARC may file a motion with the Supreme Court of Colorado seeking an order that requires respondent to show cause why the stay should not be lifted and the sanction activated; and
 

 11.Upon the expiration of the period of probation, respondent shall file an affidavit with the OARC stating that she has complied with all terms of probation. Respondent shall file with the Supreme Court of Colorado notice and a copy of the affidavit as well as an application for an order showing successful completion of the period of probation. Absent an objection from the OARC, the Colorado court shall issue an order showing that the period of probation was successfully completed.